1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  TMC Franchise Corporation,             )   No. CV-10-2423-PHX-DGC
                                          )
10           Plaintiff,                   )   **TEMPORARY RESTRAINING ORDER**
                                          )
11  vs.                                   )
                                          )
12  Millennium Vision, LLC; and Nastaran  )
    Eghtesad,                             )
13                                        )
             Defendants.                  )
14                                        )

15       TMC Franchise Corporation is the franchisor of retail convenience stores operated

16  under the CIRCLE K® trademark and franchise system.  On October 2, 2009, TMC and

17  Millennium Vision LLC entered into a franchise agreement, pursuant to which Millennium

18  was granted the right to operate a CIRCLE K store in Folsom, California.  The store opened

19  in February 2010.

20       On November 9, 2010, TMC filed suit against Millennium and Nastaran Eghtesad,

21  one of Millennium's principals and a guarantor to the franchise agreement.  The verified

22  complaint asserts six claims:  trademark infringement, false designation of origin, violation

23  of the Arizona Uniform Trade Secrets Act, breach of contract, breach of promissory note, and

24  breach of personal guaranty.  Doc. 1.  TMC seeks injunctive relief, specific performance,

25  damages, and attorneys' fees.  *Id.*

26       On November 16, 2010, TMC filed an application for a temporary restraining order

27  (TRO) against Millennium pursuant to Rule 65 of the Federal Rules of Civil Procedure.

28  Doc. 11.  In an order dated November 22, 2010, the Court noted that the application does not

1   contain a certificate showing that it has been served on Defendants, and directed TMC to

2   comply with Rule 65(b)(1) if the application is brought without notice.  Doc. 15.  On

3   December 9, 2010, TMC filed a request that the Court issue a TRO without notice pursuant

4   to Rule 65(b)(1).  Doc. 17.

5       Having considered the requirements of Rule 65 and the standard for obtaining

6   temporary injunctive relief, and having reviewed the well-pled factual allegations of the

7   verified complaint, the application for a TRO, the request for issuance without notice, and

8   the supporting affidavits and exhibits, the Court finds that a TRO should issue without notice.

9   **I.      The Application for TRO.**

10      To obtain a temporary restraining order, TMC must show that it is likely to succeed

11  on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief,

12  that the balance of equities tips in its favor, and that an injunction is in the public interest.

13  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).

14          **A.      Success on the Merits.**

15      TMC has shown that it is likely to succeed on its trademark infringement claims

16  (counts one and two) and its claim for breach of contract (count four).  The verified

17  complaint and the evidence presented in support of the application for a TRO show that

18  Millennium has breached the franchise agreement by failing to pay royalty and promotional

19  fees to TMC, and has breached post-termination obligations of that agreement and infringed

20  TMC's federally-registered trademarks by continuing to use the CIRCLE K marks in

21  connection with the operation of its store.

22          **B.      Irreparable Harm.**

23      TMC has shown that it is likely to suffer irreparable harm in the absence of a TRO.

24  The damage to TMC's reputation and customer goodwill constitutes irreparable harm. *See*

25  *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business

26  goodwill and reputation is unquantifiable and considered irreparable.").  Indeed, "[i]n a

27  trademark infringement claim, 'irreparable injury may be presumed from a showing of

28  likelihood of success on the merits.'" *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199,

1  1204 n.4 (9th Cir. 2000) (quoting *Brookfield Communications, Inc. v. W. Coast Entm't*

2  *Corp.*, 174 F.3d 1036, 1066 (9th Cir.1999)). "This presumption effectively conflates the dual

3  inquiries of this prong into the single question of whether the plaintiff has shown a likelihood

4  of success on the merits." *Id.*

5  ### C.    Balance of Hardships.

6      Where, as in this case, the plaintiff shows intentional infringement, the defendant

7  "cannot complain of the harm that will befall it when properly forced to desist from its

8  infringing activities." *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir.

9  1995). Indeed, "[w]here the only hardship that the defendant will suffer is lost profits from

10  an activity which has been shown likely to be infringing, such an argument in defense 'merits

11  little equitable consideration[.]'" *Id.* (citation omitted). Because TMC has shown that it is

12  likely to succeed on its trademark infringement claims, the balance of hardships tips in its

13  favor.

14  ### D.    Public Interest.

15      The "public interests favors elimination of consumer confusion" caused by trademark

16  infringement. *Starcom Mediavest Group, Inc. v. Mediavestw.com*, No. 10-CV-04025-LHK,

17  2010 WL 3564845, at *1 (N.D. Cal. Sept. 13, 2010). Given that Millennium is operating a

18  convenience store that serves dozens, if not hundreds, of consumers each day, the public

19  interest is served by eliminating confusion as to whether Millennium's store is a legitimate

20  CIRCLE K store.

21  **II.    The Request for Issuance Without Notice.**

22      TMC has presented evidence showing that it made repeated attempts to serve process

23  on Defendants and give them notice of the application for a TRO. Doc. 17-1. It appears that

24  Defendants may be evading service. TMC also has shown that Defendants have actual

25  knowledge of this suit and the underlying dispute arising out of the franchise agreement. *Id.*

26  Specific facts in the verified complaint and supporting affidavits show that TMC has

27  suffered, and continues to suffer, irreparable harm to its reputation and customer goodwill

28  from the alleged infringing activities of Millennium. The Court finds, pursuant to Rule

1  65(b)(1), that a TRO should issue without notice to Millennium.

2  **III.    Conclusion.**

3          TMC has met its burden for obtaining a TRO without notice, that is, it has shown that

4  it is likely to succeed on the merits of its trademark infringement and breach of contract

5  claims, that it is will suffer immediate and irreparable harm if a TRO is not issued before

6  Millennium can be heard in opposition, that the balance of equities tips in its favor, that an

7  injunction is in the public interest, and that it has made diligent and good faith efforts to give

8  notice to Millennium.  Given the nature of Millennium's business, and TMC's likelihood of

9  success on the merits, the Court concludes that security in the amount of $25,000 will

10  reasonably protect Millennium against injury if this injunction is entered incorrectly.

11          **IT IS ORDERED:**

12          1.     Plaintiff TMC Franchise Corporation's application for temporary restraining

13                 order (Doc. 11) is **granted**.

14          2.     Plaintiff TMC Franchise Corporation's request that the Court issue a TRO

15                 without notice (Doc. 17) is **granted** pursuant to Rule 65(b)(1).

16          3.     Defendant Millennium Vision LLC, its officers, agents, servants, and

17                 employees, and those persons in active concert or participation with them who

18                 receive actual notice hereof by personal service or otherwise, are prohibited

19                 from using the CIRCLE K® trademarks, trade name and trade dress and falsely

20                 associating with the CIRCLE K® franchise system.

21          4      Defendant Millennium Vision LLC is required to comply fully with its post-

22                 termination obligation to de-identify contained in paragraph 12.7(C) of the

23                 parties' franchise agreement (Doc. 1-1 at 36). Specifically, Millennium Vision

24                 shall (a) immediately cease using the CIRCLE K® Marks or any name, logo,

25                 slogans, or symbols or other designations that might tend to mislead or confuse

26                 the public or give the impression that Millennium Vision's store, located at

27                 301 E. Bidwell Street, Folsom, California, is associated with Plaintiff TMC

28                 Franchise Corporation's or its CIRCLE K® brand.

1     5.    Pursuant to Rule 65(c), Plaintiff TMC Franchise Corporation shall promptly
2           post a security bond in the amount of **$25,000.00**.
3     6.    Plaintiff TMC Franchise Corporation and its counsel immediately shall make
4           a good faith and diligent effort to serve a copy of this order on Defendants.
5     7.    This temporary restraining order, unless extended for good cause, expires on
6           **December 30, 2010**.
7     8.    A preliminary injunction hearing will be held on **December 30, 2010**
8           **at 2:00 p.m.**
9     DATED this 17th day of December, 2010 at 12:25 p.m..

_David G. Campbell_
David G. Campbell
United States District Judge