**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TMC Franchise Corporation, | No. CV-10-2423-PHX-DGC |
| Plaintiff, | **PRELIMINARY INJUNCTION** |
| vs. | |
| Millennium Vision, LLC; and Nastaran Eghtesad, | |
| Defendants. | |

TMC Franchise Corporation is the franchisor of retail convenience stores operated under the CIRCLE K® trademark and franchise system. On October 2, 2009, TMC and Millennium Vision, LLC entered into a franchise agreement, pursuant to which Millennium was granted the right to operate a CIRCLE K store in Folsom, California. The store opened in February 2010.

On November 9, 2010, TMC filed suit against Millennium and Nastaran Eghtesad, one of Millennium's principals and a guarantor to the franchise agreement. The verified complaint asserts six claims: trademark infringement, false designation of origin, violation of the Arizona Uniform Trade Secrets Act, breach of contract, breach of promissory note, and breach of personal guaranty. Doc. 1. TMC seeks injunctive relief, specific performance, damages, and attorneys' fees. *Id.*

On December 17, 2010, the Court entered a temporary restraining order and scheduled a preliminary injunction hearing. Doc. 19. Before the preliminary injunction hearing on January 6, 2011, TMC filed a stipulation for entry of a preliminary injunction. Doc. 25. The

stipulation was signed on behalf of Defendants by Nader Eghestad, the father of Defendant Nastaran Eghestad. Defendants did not appear at the preliminary injunction hearing. Because it does not appear that Nader Eghestad holds any legal position with Defendant Millennium Vision, LLC, and TMC has presented no evidence that he is authorized to act on behalf of his daughter Nastaran Eghestad, the Court will not enter an injunction on the basis of his stipulation. The Court will, however, enter the injunction on the basis of TMC's uncontroverted assertions in the verified complaint (Doc. 1) and the other filings in this case.

## I.     Preliminary Injunction.

TMC can obtain a preliminary injunction by showing that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).

### A.     Success on the Merits.

TMC has shown that it is likely to succeed on its trademark infringement claims (counts one and two) and its claim for breach of contract (count four). The verified complaint and the evidence presented in support of the TRO application and in supplemental filings (*see* Doc. 24) show that Millennium has breached the franchise agreement by failing to pay royalty and promotional fees to TMC, and has breached post-termination obligations of that agreement and infringed TMC's federally-registered trademarks by continuing to use the CIRCLE K marks in connection with the operation of its store.

### B.     Irreparable Harm.

TMC has shown that it is likely to suffer irreparable harm in the absence of a preliminary injunction. The damage to TMC's reputation and customer goodwill constitutes irreparable harm. *See MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business goodwill and reputation is unquantifiable and considered irreparable."). Indeed, "[i]n a trademark infringement claim, 'irreparable injury may be presumed from a showing of likelihood of success on the merits.'" *GoTo.com, Inc. v. Walt*

1  *Disney Co.*, 202 F.3d 1199, 1204 n.4 (9th Cir. 2000) (quoting *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir.1999)).

### C. Balance of Hardships.

Where, as in this case, the plaintiff shows intentional infringement, the defendant "cannot complain of the harm that will befall it when properly forced to desist from its infringing activities." *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995). Indeed, "[w]here the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense 'merits little equitable consideration[.]'" *Id.* (citation omitted). Because TMC has shown that it is likely to succeed on its trademark infringement claims, the balance of hardships tips in its favor.

### D. Public Interest.

The "public interests favors elimination of consumer confusion" caused by trademark infringement. *Starcom Mediavest Group, Inc. v. Mediavestw.com*, No. 10-CV-04025-LHK, 2010 WL 3564845, at *1 (N.D. Cal. Sept. 13, 2010). Given that Millennium is operating a convenience store that serves dozens, if not hundreds, of consumers each day, the public interest is served by eliminating confusion as to whether Millennium's store is a legitimate CIRCLE K store.

## II. Conclusion.

TMC has met its burden for obtaining a preliminary injunction. It has shown that it is likely to succeed on the merits of its trademark infringement and breach of contract claims, that it is will suffer immediate and irreparable harm if a preliminary injunction is not issued, that the balance of equities tips in its favor, and that an injunction is in the public interest. Given the likelihood of success on the merits and Defendants' lack of opposition to the preliminary injunction, the Court concludes that security will not be required for the preliminary injunction. The Court will order that TMC's security of $25,000 posted in support of the TRO be returned to TMC.

**IT IS ORDERED:**

1. Plaintiff TMC Franchise Corporation's application for a preliminary injunction is **granted**.

2. Defendant Millennium Vision, LLC, its officers, agents, servants, and employees, and those persons in active concert or participation with them who receive actual notice hereof by personal service or otherwise, are prohibited from using the CIRCLE K® trademarks, trade name and trade dress and falsely associating with the CIRCLE K® franchise system.

3. Defendant Millennium Vision, LLC is required to comply fully with its post-termination obligation to de-identify contained in paragraph 12.7(C) of the parties' franchise agreement (Doc. 1-1 at 36). Specifically, Millennium Vision, LLC shall immediately cease using the CIRCLE K® Marks or any name, logo, slogans, or symbols or other designations that might tend to mislead or confuse the public or give the impression that Millennium Vision's store, located at 301 E. Bidwell Street, Folsom, California, is associated with Plaintiff TMC Franchise Corporation's or its CIRCLE K® brand.

4. Plaintiff TMC Franchise Corporation's security bond in the amount of **$25,000.00** is exonerated. TMC immediately may recover the $25,000 from the Clerk's office.

DATED this 6th day of January, 2011.

_David G. Campbell_
David G. Campbell
United States District Judge

- 4 -