**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TMC Franchise Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Millennium Vision, LLC, et al.,<br><br>Defendants. | No.  CV10-2423 PHX DGC<br><br>**ORDER** |

On December 14, 2011, the Court held a hearing on the Langley Law Firm, P.C. motion to withdraw as counsel for defendants.  Doc. 58. The Court ordered that Defendant Nastaran Eghtesad and a representative of Millennium Vision LLC appear at the hearing.  Doc. 63.  They did not appear.  As a result, the Court set a show-cause hearing for January 18, 2012, that required Defendants to appear personally and show cause why default judgment should not be entered against them.  The order specifically stated: "If defendant Nastaran Eghtesad and a representative of Millennium Vision LLC do not appear on January 18, 2012, the Court will enter default judgment against them." Doc. 65

The Court held the order to show cause hearing on January 18, 2012.  New counsel for Defendants appeared, but Defendant Nastaran Eghtesad did not appear as ordered.  The Court considered entering default judgment against Defendants, but concluded that such a result was not warranted given new counsel's appearance in the case. The Court accordingly entered a revised litigation schedule.  Doc. 68.

Now, less than three weeks later, new counsel has moved to withdraw.  Doc. 69.

No substitute counsel is identified.  Although the motion suggests that Defendants are aware of the new schedule, the LLC Defendant cannot appear in this Court without legal counsel, *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir.2004), and Defendant Nastaran Eghtesad has previously disregarded this Court's orders to appear.  Defendants have had three different attorneys in this case, and yet have succeeded only in delaying the resolution of this case.

The Court will enter default judgment against Defendants.  Defendants failed to appear on December 14 and January 18.  Although new counsel appeared on January 18, that attorney has promptly withdrawn and no attorney has appeared.  The Court deems this, effectively, as a non-appearance by Defendants on January 18, 2012.

The Ninth Circuit has developed a five-part test to determine when case-ending sanctions are warranted: (1) the public's interest in expeditious resolution of the litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Valley Eng'rs, Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998) (quoting *Malone v. USPS,* 833 F.2d 128, 130 (9th Cir.1987)); *see also Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999).  Defendants have repeatedly violated Court orders to appear.  "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs,* 158 F.3d at 1057.  Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.*  The Court tried the alternative course of accepting new counsel yet again and setting a revised litigation schedule, but that course has again been frustrated by the withdrawal of counsel.  The Court warned Defendants that failure to appear at the January 18 hearing would result in default judgment.  Doc. 65.  Because Defendant Nastaran Eghtesad has repeatedly disregarded this Court's orders to appear and Defendant Millenium Vision LLC cannot appear without counsel, the Court

concludes that no lesser sanction than default judgment will suffice. Defendants' disregard of this Court's order and their frequent changes of counsel have made management of this litigation impossible.

**IT IS ORDERED:**

1. Counsel's motion to withdraw (Doc. 69) is **granted.**
2. The clerk is directed to enter default against Defendants and dismiss the counterclaims. Plaintiff may submit a motion for default judgment and proposed form of judgment requesting the specific amount of damages or injunctive relief sought, supported by appropriate documentation as required by this Court and Ninth Circuit law.

Dated this 13th day of February, 2012.

David G. Campbell
United States District Judge